UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA



VERNON MONROE, ET AL

VERSUS,

COOPER/T. SMITH STEVEDORING
COMPANY, INC.

CIVIL ACTION

NO. 06-933-JVP-CN

## RULING

This matter is before the court on a motion by claimants, Vernon Monroe, et al., for summary judgment (doc. 42), a cross motion for summary judgment by defendant, Cooper/T. Smith Stevedoring company, Inc. (doc. 45), and  a motion for reconsideration and expedited hearing by plaintiff (doc. 40).  Both motions for summary judgment are opposed, but no opposition has been filed to plaintiffs' motion for reconsideration and expedited hearing.  Jurisdiction is based on 28 U.S.C. § 1331. There is no need for oral argument and the matter is now submitted.

### FACTS AND PROCEDURAL HISTORY

Plaintiffs instituted this action for damages under the Jones Act on December 8, 2006.  The original complaint alleges that plaintiff, Vernon Monroe, was injured on two separate occasions on vessels owned by defendant.  The parties have since engaged in mediation and signed a settlement agreement that provides for plaintiff to receive either a "high" or a "low" compensation, depending on the applicable burden of proof in a Jones Act negligence case.

1

On December 15, 2008, plaintiffs filed a Motion for Summary Judgment on the Applicable Causation Standard in a Jones Act Negligence Claim (doc. 29).   On January, 20, 2009, defendant filed a cross motion for summary judgment (doc. 32). The parties, through the above motions, did not, however, seek "judgment on all or part of the claim" as is required by Rule 56 of the Federal Rules of Civil Procedure.[1]  Instead they sought to have the court rule on a question of law that might determine their respective rights under the settlement agreement.

A conference was therefore held on March 11, 2009, during which counsel was informed that the cross motions for summary judgment effectively interjected a new claim in this matter, i.e., one for declaratory relief relative to enforcement of the settlement agreement.  After discussion of the issue, counsel was informed that the motions for summary judgment would be treated as motions for declaratory relief and/or enforcement of the settlement agreement (*see* doc. 38).

To ensure that the motions sought relief on at least part of the claim as required by Rule 56, plaintiffs were ordered to file an amended complaint setting forth their claims relative to the settlement agreement (doc. 39).  The parties were also requested to brief the issue of subject matter jurisdiction (*id*.).

Before the court could rule on the respective motions for summary judgment,

---

[1]Rule 56 provides in pertinent part:

> A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim. Fed.R.Civ.P. 56(a).

2

however, plaintiffs filed the current motion for reconsideration of the court's order to amend the complaint (doc. 40) and the current Motion for Summary Judgment and/or Motion for Declaratory Relief and/or Motion to Enforce Settlement Agreement (doc. 42). Nonetheless, plaintiffs amended the complaint and addressed pertinent jurisdictional issues (doc. 41).

Defendant then answered the amended complaint (doc. 44), addressed jurisdictional issues (doc. 43), and on April 6, 2009, filed a new cross motion for summary judgment (doc. 45).

Pursuant to Uniform Local Rule 56.1, the parties have submitted statements of facts that they claim are material to the most recent motions for summary judgment. Those statements are reproduced here insofar as they set forth actual material statements of fact.[2]  The material responses to the statements of fact are noted in footnotes where appropriate.[3]

Plaintiffs' statement of material facts sets forth the following:

1.    On December 8, 2006, claimants filed suit asserting claims under both the Jones Act and General Maritime Law.

---

[2]The court has excluded conclusions of law and facts not material to the motions before the court.

[3]LR56.2 provides:

> Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried.  All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.

2.     On November 18, 2008, the parties mediated the case, with mediator John Perry, and signed a Settlement Agreement.   However, the Settlement Agreement contains a "high-low" provision which stated that the final terms of the settlement were conditioned upon this court's determination of one single issue of law; namely, what is the applicable burden of proof for causation by a Jones Act seaman asserting a claim for Jones Act negligence?

A.     Defendant, Cooper, contends that the applicable burden of proof that a seaman must satisfy in order to prevail in a Jones Act negligence claim is "preponderance of the evidence" which is defined as the "more likely than not" standard.

B.     Claimants, Vernon Monroe, et al., contend that the applicable burden of proof that a seaman must satisfy in order to prevail in a claim or Jones Act negligence is the reduced burden of "featherweight" causation which only requires the seaman to prove that his employer's negligence played "any part, even the slightest, in producing the injury for which damages are sought."

If the applicable burden is that set forth in "A," then claimants receive the "low" amount in the agreement, but if the applicable burden is that set forth in "B," then claimants receive the "high" amount.[4]

(Doc. 42-3).

Defendant's statement of material facts sets forth the following:

1.     The settlement agreement refers to the "burden of proof" in a Jones Act negligence claim as being either a "preponderance of the evidence" or featherweight."

(Doc. 45-3).

## LAW AND DISCUSSION

As both parties have noted, the court retains jurisdiction over this action because it addresses the enforceability or validity of a settlement agreement where the

---

[4]Defendant denies this statement of fact but does not specify the objection (doc. 45-4, ¶ 2).

substantive rights and liabilities of the parties are derived from the Jones Act.  See

(docs. 41 & 43 (citing *Borne v. A & P Boat Rentals No. 4, Inc.*, 780 F.2d 1254, 1256

(5th Cir. 1986) (holding that "questions regarding the enforceability or validity of . . .

[settlement] agreements are determined by federal law– at least where the substantive

rights and liabilities of the parties derive from federal law")).

It is undisputed that the parties to this action have signed a settlement

agreement.  The issues before the court are: (1) whether that settlement agreement is

valid and enforceable; and (2) if it is found enforceable, whether defendant is obligated

to pay the "high" or "low" level of compensation as provided in the agreement.

"A settlement agreement is a contract."  *Guidry v. Halliburton Geophysical

Services, Inc.*, 976 F.2d 938 (5th Cir. 1992).  Therefore, in construing the terms of the

settlement agreement, the court applies general principles of contract interpretation.

See e.g., *El Paso Natural Gas Co. v. F.E.R.C.*, 881 F.2d 161, 164 (5th Cir. 1989); *Mid

Louisiana Gas co. v. FERC*, 780 F.2d 1238, 1242-43 (5th Cir. 1986).  "[T]he task of pure

contract interpretation merely requires the court to ascertain the parties' intent from the

language of the contract itself, and, at times, the circumstances surrounding formation

of the contract." *Hartford Underwriters Ins. Co. v. Foundation Health Services Inc.*, 524

F.3d 588, 596 (5th Cir. 2008).

The settlement agreement provides in pertinent part:

(1)     Cooper/T. Smith Stevedoring Company, Inc. will pay
        to Vernon and Marion Monroe the total sum of $
        _____ plus judicial interest at the rate of __% per

annum from today until paid, at the time the judgment contemplated by this agreement is final. All or any portion of that sum, at the option of plaintiffs, may be utilized to fund a structured settlement. This is the "low" pursuant to a binding "high-low" agreement between the parties, as follows:

A.   If the Burden of Proof in a *Jones Act* Negligence case is the preponderance of evidence as defined below, plaintiff will recover nothing further than the "low" specified above:

Plaintiff must establish causation by a preponderance of the evidence– "more likely than not" standard. For medical damages, plaintiff must establish through expert testimony that his injury was more likely than not caused by the incident.

B. If the Burden of Proof in a *Jones Act* negligence case is the featherweight, as defined below, plaintiff will recover an additional $_____ (without interest).

Plaintiff is obligated to show that an employer's negligence plays "any part, even the slightest, in producing the injury for which damages are sought."

(Settlement Agreement, Doc. 33, Ex. E, § 1).

Plaintiffs assert that the burden of proof in the causation element of a Jones Act negligence case is the reduced burden of "featherweight," and defendant must therefore pay the "high" amount as set forth in Subsection 1B of the settlement agreement (doc. 41). Defendant maintains that the featherweight standard is no longer applicable and the plaintiff should therefore receive the "low" amount as set forth in Subsection 1A of the settlement agreement (doc. 45). Defendant argues, in the alternative, that the featherweight standard is identical to the preponderance of the

evidence standard and the settlement agreement is therefore ambiguous and unenforceable, and should be voided (*id.*).

Subsection 1A defines "preponderance of the evidence" as requiring plaintiff to "establish causation by a preponderance of the evidence- 'more likely than not' standard." Like Subsection 1A, the definition in Subsection 1B refers to the causation element by providing that "[p]laintiff is obligated to show that an employer's negligence plays 'any part, even the slightest, in producing the injury for which damages are sought.'" Therefore, the court concludes that the Subsections 1A and 1B address the causation element of a Jones Act negligence Action.[5]

Subsection 1A provides that plaintiff will receive "nothing further" than the low amount if the applicable burden of proof is "preponderance of the evidence," and Subsection 1B provides that plaintiff will receive an additional amount if the burden of proof is "featherweight." Therefore, under the plain language of the agreement, plaintiff is to receive only the "low" amount only if the burden of proof is "preponderance of the evidence" and not "featherweight." Plaintiff is to receive an additional amount only if the burden of proof is "featherweight" and not "preponderance of the evidence." Clearly, the agreement is predicated on the terms "featherweight" and "preponderance of the evidence" being mutually exclusive.

_____

[5]Even if the court were to conclude that Subsections A and B refer to a plaintiff's overall burden in a Jones Act negligence case, the result would be the same because the court cannot conclude that plaintiff does not bear the burden of proving a featherweight of causation in an action for negligence under the Jones Act.

The two terms, however, are not mutually exclusive.  They refer to different facets of the burden of proof borne by a plaintiff with regard to the causation element of a Jones Act negligence claim.

Seamen under the Jones Act are afforded rights parallel to those of railway employees under the Federal Employers' Liability Act ("FELA").  See *Geatreaux v. Scurlock Marine, Inc.*, 107 RF.3d 331, 335 (5ᵗʰ Cir. 1997) (en banc) (*citing* 46 U.S.C. § 688).  "Section 51 of the FELA provides, in pertinent part, that '[e]very common carrier by railroad . . . shall be liable in damages. . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier.'"  *Id.* (*quoting*, 45 U.S.C. § 51).

"Featherweight" refers to the reduced standard of causation applicable in a Jones Act claim– a standard that requires the plaintiff to demonstrate only that the employer's negligence played "any part, no matter how small, in bringing about the injury."  See *Smith v. Trans-World Drilling Co.*, 772 F.2d 157, 162 (5ᵗʰ Cir. 1985).[6]

"Preponderance of the evidence" refers to the evidentiary burden necessary to demonstrate a featherweight of causation.  Plaintiffs cite several cases in support of their assertion that plaintiffs in a Jones Act negligence case need not demonstrate the

---

[6]Defendant argues that the Fifth Circuit, in *Geautreaux*, rejected the "featherweight" standard of care in Jones Act negligence cases. 107 F.3d 331.  However, the issue before the court is the burden of proof as to causation, not the standard of care.  The court, in *Geautreaux*, carefully distinguished the standard of care from the standard of causation, noting that the reduced causation standard had, in the past, been incorrectly applied to the standard of care.  *Id.* at 335-338.

reduced standard of causation by a preponderance of the evidence.  The cases cited by plaintiffs, however, address either  the *standard of causation* necessary to support a negligence claim under the Jones Act, or the quantum of evidence necessary to survive appellate review of a favorable verdict on a Jones Act negligence claim.  See e.g., *Davis v. Odeco, Inc.*, 18 F.3d 1237, 1243 (5th Cir. 1994) (holding that *"some evidence of such a nexus . . . is all that is required to survive appellate review of a favorable verdict on a Jones Act negligence claim)* (emphasis in original); *Gautreaux*, 107 F.3d at 335 (holding that "[u]nder the statute, the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought."); *River Transp. Associates v. Wall*, 5 F.3d 97, 100 (5th Cir. 1993), (stating that "the plaintiff's burden of proving causation is featherweight"); *Zapata Haynie Corp. v. Arthur*, 980 F.2d 287, 290 (5th Cir. 1992) (stating that "[u]nder the Jones Act, a [plaintiff] 'must bear the responsibility for any negligence, however slight that played a part in producing the plaintiff[s'] injury.' 'The burden of proving causation under the Jones Act is 'very light' or 'featherweight.'") (internal citations omitted).  None of the cited cases hold that a "featherweight" evidentiary standard replaces the "preponderance of the evidence" standard in a Jones Act negligence trial

Plaintiffs also cite Fifth Circuit Pattern Jury Instructions 4.4 and 4.6.  Fifth Circuit Pattern Jury Instruction 4.4 addresses negligence under the Jones Act and provides, in pertinent part, that "[u]nder the Jones Act, if the employer's negligent act caused the

plaintiff's injury, in whole or in part, then you must find that the employer is liable under the Jones Act."   Fifth Circuit Pattern Jury Instruction 4.6, addressing causation, provides in pertinent part that "[u]nder the Jones Act, . . . injury or damage is considered caused by an act or failure to act if the act or omission brought about or actually caused the injury or damage, in whole or in part."

Both instructions address the *standard of causation* in a Jones Act negligence action.  Neither addresses the evidentiary burden borne by the plaintiff to prove that standard.  The evidentiary burden carried by a plaintiff is, instead, addressed by Fifth Circuit Pattern Jury Instruction 2.20, which states in pertinent part:

> In this case, the plaintiff must prove every essential part of his claim by a preponderance of the evidence.
>
> A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claim is more likely true than not true.
>
> * * *
>
> If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

As the above instructions clearly show, a plaintiff in a Jones Act negligence case bears the burden of proving a featherweight of causation by a preponderance of the evidence.  However, the settlement agreement at issue is predicated on the terms "featherweight" and "preponderance of the evidence" being mutually exclusive, with one applicable to the burden of proof of the causation element and the other not applicable.  The settlement agreement is not ambiguous.  It is very clear, but, because neither of

10

the conditions set forth by Subsection 1A or Subsection 1B is applicable, the court concludes that the settlement agreement at issue is void and unenforceable.

### CONCLUSION

Accordingly, plaintiffs' motion for summary judgment (doc. 42) is hereby **DENIED,** and defendant's cross motion for summary judgment (doc. 45) is hereby **DENIED** insofar as defendant seeks to have the court find that plaintiffs' recovery is limited to the "low" amount as provided in the settlement agreement, and **GRANTED** insofar as it seeks, in the alternative, to have the settlement agreement declared void and unenforceable.  The previously filed motions for summary judgment (docs. 29 & 32), and plaintiffs' motion for reconsideration and expedited hearing (doc. 40), are hereby **DENIED AS MOOT**.

Baton Rouge, Louisiana, May _8th_, 2009.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

FOR:
DISTRICT JUDGE JOHN V. PARKER

11